UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ELMER STERLING EDWARDS, ) | |
| ) | |
| Petitioner, ) | Civil No. 5: 15-214-JMH |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Elmer Sterling Edwards is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Edwards has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Edwards's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual

1

allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Edwards contends that on May 21, 2014, the United States Parole Commission ("USPC") recommended his early release from his prison term, but that the Bureau of Prisons rejected that recommendation on October 2, 2014. [R. 1, p. 8] Edwards seeks immediate release from prison based upon the assertedly wrongful rejection.

Edwards has provided a narrative history of his offense conduct dating back to 1960, which involves at least five federal convictions for bank robbery and/or use of a firearm, repeated violations of the terms of his parole, and a murder conviction in the Commonwealth of Kentucky. The prison terms imposed for these offenses total more than 140 years. [R. 1-1] As early as 1989 the USPC issued a revocation warrant based upon Edwards's repeated violations of the term of his parole, which was subsequently lodged as a detainer with state and federal authorities. However, the USPC voluntarily withdrew the 1989 warrant in 2009 shortly after Edwards filed suit challenging its delay in acting upon the detainer. [R. 1-2, p. 6] See *Edwards v. Castillo*, No. 2:09-CV-2048-STA-CGV (W.D. Tenn. 2009). Edwards is currently 77 years of age, and his good conduct time release date is February 2, 2018. See http://www.bop.gov/inmateloc/ (last visited on November 13, 2015).

Edwards appears to predicate his argument based upon an "Exhibit Y," which he characterizes as the USPC's "approval of release" dated May 21, 2014. [R. 1, p. 8] However, the only document Edwards attached from the USPC is a May 14, 2010, Notice of Action indicating its withdrawal of the 1989 parole revocation warrant. [R. 1-2, pp. 6-7] Further, it appears that in October 2013, Edwards began the process of seeking a reduction in sentence pursuant to the "compassionate release" provisions found in 18 U.S.C. § 3582(c). [R. 1-2, pp. 8-9] The BOP rejected that request on October 2, 2014, noting that while Edwards met the objective criteria for a reduction in sentence, the BOP concluded that correctional concerns - including his criminal history involving violent behavior and use of firearms – warranted denial. [R. 1-2, p. 1]

The foregoing establishes that the BOP's projected release date is correctly premised upon pre-existing convictions for bank robbery, specifically the 387-month sentence imposed by this Court in 1991, *see Edwards v. United States*, No. 97-5276, 1998 WL 246373 (6th Cir. May 6, 1998), not upon any *additional* period of incarceration which could have been – but which was not - imposed by the USPC for Edwards's alleged violation of the terms of his parole as set forth in the 1989 parole violation warrant. Finally, Edwards's apparent challenge to the BOP's decision to deny his request for a reduction in sentence under the compassionate release

3

provisions of 18 U.S.C. § 3582(c) is not reviewable by this Court. *Crowe v. United States*, 430 F. App'x 484 (6th Cir. 2011).

Accordingly, **IT IS ORDERED** that:

1. Petitioner Edwards's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 16th day of November, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge